UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF A. HAWKINS,<br>        Petitioner,<br>  v.<br>ALAMEDA COUNTY SUPERIOR COURT,<br>        Respondent. | Case No. 15-cv-05159-DMR (PR)<br><br>**ORDER OF DISMISSAL** |

Petitioner, a state prisoner proceeding *pro se*, has filed a document entitled, "Motion for Coram Vobis to Vacate Sentence." Dkt. 1. The Court construes his filing as a petition for a writ of error coram vobis, in which he challenges his 2005 criminal conviction in the Alameda County Superior Court. He has also filed an application to proceed *in forma pauperis*. Dkt. 6.

This action has been assigned to the undersigned magistrate judge. On November 20, 2015, Petitioner consented to magistrate judge jurisdiction in this matter. Dkt. 4.

Pursuant to 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in a case, including entry of judgment.[1] Appeal will be directly to the United States Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. § 636(c)(3).

A writ of error coram vobis is a "writ of error sent by an appellate court to a trial court to review the trial court's judgment based on an error of fact." Black's Law Dictionary 413 (10th ed. 2014). It is doubtful there is any significant difference in American practice between the writ of

---

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). However, in cases such as this one, where the petitioner has consented but the respondent has not been served, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)).

error corum nobis and the writ of error corum vobis. *See* 11 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure 2d § 2867 at 393 (1995); *see also United States v. Dellinger*, 657 F.2d 140, 144 n.5 (7th Cir. 1981) ("With rare exception, '[t]he distinction in American practice between coram nobis ("before us") and coram vobis ("before you") is only nominal.'") (quoting 7 Moore's Federal Practice § 60.14 at 46 (2d ed. 1979)).

The writ of error coram nobis affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody. *See Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994); *United States v. Walgren*, 885 F.2d 1417, 1420 (9th Cir. 1989). A federal district court may not entertain a petition for a writ of error coram nobis to challenge a state conviction, and presumably this also applies to a petition for a writ of error coram vobis. *See Sinclair v. Louisiana*, 679 F.2d 513, 513-15 (5th Cir. 1982); *see also Madigan v. Wells*, 224 F.2d 577, 578 n.2 (9th Cir. 1955) (writ of error coram nobis can only issue to aid jurisdiction of court in which conviction was had). Therefore, several common law writs, including writs of error coram nobis and writs of error coram vobis, have been abolished in federal civil actions. *See* Fed. R. Civ. P. 60(b).

Accordingly, the instant petition for a writ of error coram vobis is DISMISSED.

Leave to proceed *in forma pauperis* is GRANTED. Dkt. 6. The Clerk of the Court shall enter judgment, terminate any pending motions, and close the file.

This Order terminates Docket No. 6.

IT IS SO ORDERED.

Dated: January 20, 2016

_____
DONNA M. RYU
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF A. HAWKINS,<br><br>   Plaintiff,<br><br>   v.<br><br>SUPERIOR COURT OF ALAMEDA COUNTY,<br><br>   Defendant. | Case No.  4:15-cv-05159-DMR<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 20, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeff A. Hawkins ID: F-18885
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: January 20, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Ivy Lerma Garcia, Deputy Clerk to the
Honorable DONNA M. RYU

3